**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **Robert Earl Council,**<br><br>     *Plaintiff*<br><br>**v.**<br><br>**Commissioner John Hamm, in his official capacity, for the Alabama Department of Corrections, Dr. Wendy Williams, in her official capacity, Defendant Edward Ellington, in his official capacity, Warden William Streeter, in his official capacity, Warden Chadwick Crabtree, in his official capacity.**<br><br>     *Defendants*. | **Civil Action No. 2:23-cv-00658** |

**[PROPOSED ORDER]**

**APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Robert Earl Council, a prisoner organizer and co-founder of the Free Alabama Movement (FAM) incarcerated by the Alabama Department of Corrections (ADOC) at Limestone Correctional Facility in closed custody, applies for the issuance of a temporary restraining order.

Plaintiff Council seeks a temporary restraining order requiring that:

(1) Defendants transfer Plaintiff Council to general population at another ADOC facility as soon as possible, and, at minimum, leaves Limestone no later than 12 hours from the entry of the order;

(2) Defendant ADOC immediately suspend Lt. Pelzer pending an internal investigation and/or referral for criminal prosecution;

(3) all defendants are enjoined from the non-spontaneous application of physical force or chemical agents to Plaintiff Council without consulting the ADOC's trained mental health staff, medical staff, and a lawyer from the ADOC's general counsel's office so that the professionals can determine whether the application of the physical force or chemical agents is dangerous to

1

the inmate's well-being or violates either ADOC policy or Plaintiff Council's state law and federal legal rights; if, after consultation, the three mental health, medical, and legal professionals deem the use of physical force or chemical agents to be medically contraindicated, unlawful, or unjustified then the physical force and chemical agents may not be employed at that time.

(4) all defendants are enjoined from (a) placing Plaintiff Council in solitary confinement, whether referred to as closed custody, administrative or disciplinary segregation, and (b) transferring Plaintiff Council to another correctional facility without consulting the ADOC's trained mental health staff, medical staff, and a lawyer from the ADOC's general counsel's office so that the professionals can determine whether the placement in solitary or transfer to another facility is dangerous to the inmate's well-being or violates either ADOC policy or Plaintiff Council's state law and federal legal rights; if, after consultation, the three mental health, medical, and legal professionals deem the placement in solitary or transfer to another facility to be medically contraindicated, unlawful, or unjustified then the placement in solitary and transfer to another facility may not be employed at that time.

(5) all defendants are enjoined from serving Plaintiff Council with a disciplinary violation or subjecting Plaintiff Council to a disciplinary proceeding without consulting the ADOC's trained mental health staff, medical staff, and a lawyer from the ADOC's general counsel's office so that the professionals can determine whether the disciplinary violation or disciplinary proceeding violates either ADOC policy or Plaintiff Council's state law and federal legal rights; if, after consultation, the three mental health, medical, and legal professionals deem the written disciplinary violation or disciplinary proceeding to be medically contraindicated, unlawful, or unjustified then the  disciplinary violation or disciplinary proceeding must be vacated at that time.

(6) a copy of a Notice will be placed in Plaintiff Council's security, medical and mental health files and will be otherwise posted or disseminated to ensure that all affected ADOC personnel are apprised of the injunction;

(7) in the event that the ADOC intends to (a) transfer Plaintiff Council to a different housing area within a facility; (b) transfer Plaintiff Council to a different facility; (c) serve Plaintiff Council with a disciplinary infraction; (d) employ physical force or chemical agents against Plaintiff Council, (e) employ any of the following individuals- Lt. Pelzer, Warden Streeter, Lt. Mike Jones, Sgt. White, Sgt. Cottles, Officer Dozier, Officer Shoulders, Officer Brewer, and Officer Steven Parker, on active duty at a facility housing Plaintiff Council, then a notice of the intent to do so will be emailed to counsel for Plaintiff, Andrew Menefee, at amenefee@menefee-law.com, (6) six hours before the event.

(8) in the event that the ADOC (a) transfers Plaintiff Council to a different housing area within a facility; (b) transfers Plaintiff Council to a different facility; (c) serves Plaintiff Council with a disciplinary infraction; (d) employs physical force or chemical agents against Plaintiff Council, (e) employs any of the following individuals- Lt. Pelzer, Warden Streeter, Lt. Mike Jones, Sgt. White, Sgt. Cottles, Officer Dozier, Officer Shoulders, Officer Brewer, and Officer Steven Parker, on active duty at a facility housing Plaintiff Council, then a notice of that event will be filed with the Court within three (3) days of the event, with a copy to counsel for the Plaintiff. The notice will contain proof of compliance with the terms of this injunction.

This application is based on the memorandum of points and authorities submitted herewith, all declarations, pleadings and filings filed in this action, and such oral arguments and evidence as may be presented at a hearing on the motion.

The grounds for this application are that supervisory and correctional officers at Limestone, led by Lt. Pelzer, are engaged in a conspiracy to retaliate against Plaintiff Council for engaging in protected activity to expose ADOC corruption. Defendants have subjected Plaintiff Council to excessive force, causing him physical injury including blinding him in his left eye, on multiple occasions have made attempts to murder Plaintiff Council, and have placed him in solitary confinement for lengthy periods of time causing Plaintiff Council's mental health to deteriorate. These actions have exposed Plaintiff Council to an objectively unreasonable risk of

substantial harm, in violation of his First and Eighth Amendment rights. Plaintiff Council is

likely to succeed on the merits.