# EXHIBIT 6

**GESPASS & JOHNSON**

*Kathleen M. Johnson*

*Also admitted in:*
*Washington, D.C.*
*Phone: 205-492-9859*
*E-mail: kmj.gandjlaw@gmail.com*

*40 Echo Lane*
*Fairhope, Alabama 36532*

*David Gespass*

*Phone: 205-566-2530*
*E-mail: pass.gandjlaw@gmail.com*

April 10, 2023

Mr. John Hamm
Commissioner
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL 36130-1501

**VIA EMAIL AND FIRST-CLASS MAIL**

Re:   Robert Earl Council
        AIS 181418

Dear Mr. Hamm:

Our office has been representing Mr. Council in various matters for several years. I spoke with him today about some current concerns he has that I trust you will address.

After being almost killed by correctional officers (two of whom are being criminally prosecuted, lest you think I exaggerate), he was sent to Kilby during his recovery. His progress review upon leaving Kilby indicated he would be placed in general population at St. Clair. However, two alleged enemies, Melvin Ray and Larry Jones, were there so he was sent to Limestone last October and placed in segregation. Neither Mr. Ray nor Mr. Jones consider him and enemy and he, in turn, does not consider either of them as such.

He has had serious difficulties with two officers at Limestone, Lt. Pelzer and CO Brewer, whom he has sued. Since he went to Limestone, CO Brewer has shaken his cell down some ten times, once at 2:30 in the morning. Twice, he has placed his hands on Mr. Council. On, or about, December 2, while Mr. Council was handcuffed behind his back and facing the wall, CO Brewer sprayed him directly in his eyes. In November, CO Brewer and CO Mike Jones threw him on the floor, cut his clothes off and placed him in a suicide cell. Mr. Council has thus far not physically responded to these provocations, but he is reaching the end of his tether.

Although he was told by Capt. Caldwell that none of the people he sued would be around him, that has not been the case. As noted above, CO Brewer has repeatedly harassed him. He has reported these issues to Messrs. Smith and McDuffie in classification. I understand Mr. McDuffie has recommended Mr. Council be transferred to another institution. He has also reported these matters to Mr. Graham in mental health. Mr. Council fears for his life. In light of his prior experience, that fear is not unfounded and immediate measures should be taken to rectify the situation.

If you have not been made aware of these problems previously, I am doing so now. The

Mr. John Hamm
Commissioner
April 10, 2023
Page -2-

problems that your department is facing – and the litigation surrounding them – are well known. It is incumbent upon you not to be indifferent to Mr. Council's concerns. I look forward to learning of the steps you take to address them in the very near future.

I appreciate your attention.

Yours truly,

David Gespass

DG/da

cc:   Carrie McCollum
      Mr. Robert Earl Council
      Ms. Tiffany Johnson Cole

# GESPASS & JOHNSON

**Kathleen M. Johnson**

*Also admitted in:*
*Washington, D.C.*

E-mail: kmj.gandjlaw@gmail.com

825 36th Street South
Birmingham, Alabama 35222
Phone: 205-323-5966
Fax: 205-323-5990

**David Gespass**

Reply to:
P.O. Box 550242
Birmingham, Alabama 35255-0242
E-mail: pass.gandjlaw@gmail.com

January 9, 2020

Ms. Cheryl Price
Institutional Coordinator
Southern Region
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL 36130-1501

    Re:    Robert Earl Council
              AIS 181418

Dear Ms. Price:

    I wrote to you concerning Mr. Council July 10, 2019 and did not receive a response. I am writing now to once again request that he be moved from Limestone. Since July another, more serious, concern has arisen about Mr. Council staying in Limestone.

    A Limestone correctional officer, Sgt. Jeremy Pelzer, has evidently targeted Mr. Council. Indeed, he has implicitly threatened not just Mr. Council but a friend of his who regularly visits him, Elizabeth Davenport, telling Mr. Council he knows where she lives. ADOC policy, of course, is not to house inmates listed as enemies in the same facility. Having as an enemy a correctional officer is far more dire given the power disparity between the inmate and the officer.

    Mr. Council has gone on a hunger strike, in large part because of Sgt. Pelzer's actions and threats. In light of this, as well as his interest in being closer to his family in Enterprise, I again call on you to make arrangements to move him to an institution further south. Not incidentally, I understand that the ADOC segregation board has also requested that he be transferred. You should not be indifferent to this situation.

Yours truly,

David Gespass

DG/da

pc:    Mr. Jefferson Dunn
       Mr. Robert Council

**GESPASS & JOHNSON**

*Kathleen M. Johnson*

Also admitted in:
Washington, D.C.

E-mail: kmj.gandjlaw@gmail.com

825 36th Street South
Birmingham, Alabama 35222
Phone: 205-323-5966
Fax: 205-323-5990

*David Gespass*

Reply to:
P.O. Box 550242
Birmingham, Alabama 35255-0242
E-mail: pass.gandjlaw@gmail.com

November 8, 2019

Mr. Gary L. Willford, Jr.
Assistant Attorney General
ADOC Legal Division
301 South Ripley Street
Montgomery, Al 36104

**VIA EMAIL AND FIRST-CLASS MAIL**

Re:   Robert Earl Council
      AIS 181418

Dear Gary:

I am, of course, writing to you since you represented ADOC in the habeas case I filed on Mr. Council's behalf. If this missive should be directed elsewhere, please forward it to the appropriate party and let me know wtih whom I should deal in the future.

Mr. Council provided all the information I am going to relate to the warden about ten days ago, and has gone on a hunger strike awaiting a response. As yet, none has been forthcoming. I am providing this to you as notice, most particularly, that my client has information that Sgt. Jeremy Pelzer has threatened a friend and supporter of his in retaliation for the things I will relate. If anything should happen without ADOC undertaking an appropriate investigation, we will hold all who failed to act accountable.

Several months ago, Mr. Council wrote to I&I's Corruption Division about the "bucket detail" (since abandoned) maintained at Limestone and about extortion and gambling at the prison.

In July, he assisted Travis Griggs (AIS 212909) in preparing a complaint against Sgt. Pelzer for use of excessive force. It is my understanding that CO Bates has verified at least some of the allegations in the suit.

In September, he learned that Sgt. Pelzer was trying to get information about him that he was involved in gang and drug activity. I will come back to this. In October, there was evidently an accusation made of a drug deal gone bad outside the prison, that was supposed to have involved a friend of Mr. Council's. This was evidently and allegedly reported by an inmate who is a mental health patient who does not know Mr. Council and whom he does not know. Mr. Council was placed in segregation for 24 hours until he could be validated as an enemy to this inmate, whose name we do not know. No enemy validation was ever made, since the inmate apparently denied knowing Mr. Council.

On October 21, Sgt. Pelzer confiscated money and canteen items from Bobby Gilberd, Juan Martinez, Juan Caples (AIS 176022, Mr. Council's cell partner) and Danny Williams. I could not find

*Mr. Gary Williford*
*November 8, 2019*
*Page -2-*

AIS numbers for Messrs. Gilberd and Martinez and may not have their names spelled correctly. I believe Mr. Williams's AIS number is 164783, since he is the Daniel Williams in ADOC custody housed at Limestone. Evidently, there is an operation, sanctioned by the administration, for inmates to gamble on football and basketball games and these men were running their own operation in opposition to the "official" one. The next week, Mr. Council advised Caples and Gilberd to contact their families and I&I's Corruption Hotline to file an official complaint. I understand an appointment was scheduled for October 31. Mr. Council also alleged that Sgt. Pelzer and Capt. Denise McKenzie were running the "official" operation and contacted media sources about that.

On October 29, Mr. Council's dorm was shaken down. He alleges that CO Dustin Bewer, when searching his property attempted to plant contraband (five pieces of paper allegedly sprayed with a chemical known as "flakka") in his belongings. He protested and demanded a supervisor, who had him handcuffed and charged with disorderly conduct. He was later charged with creating a security hazard and possession of contraband. He was convicted of all these offenses. The convictions on the latter two were based upon information from confidential informants, although the specific information they allegedly provided was not testified to and an allegation that Sgt. Pelzer tested the paper, although (leaving aside whether Sgt. Pelzer had the technical expertise to conduct a valid test) the results of the test were not introduced at the hearing.

Mr. Council was also alleged to have organized "STF 62 Brim" to distribute drugs. Plaintiff saw Darius Mabry (AIS 261108) some time later, after he was placed in segregation. Mr. Mabry advised that Sgt. Pelzer had, in his presence on September 24, threatened Mr. Council's friend, saying he knew where she lived and that she had children living with her, if Mr. Council did anything. Evidently, Sgt. Pelzer lives in the same neighborhood as Mr. Council's friend. Mr. Mabry also said that he is a leader of 62 Brim and that Mr. Council is not in any way affiliated with it.

I understand that all this information was provided to Warden Estes, who has not visited Mr. Council or had anyone else do so. I reognize you may, representing ADOC, well be skeptical about Mr. Council's allegations, but I believe him and certainly think they merit investigation. Mr. Council is well-known, both within ADOC and more generally across the country. He is fully aware that he is viewed with suspicion and concern by many in ADOC. He advocates continually for his rights and the rights of other inmates. I cannot imagine that he would be foolish enough to engage in the kinds of prohibited activity he was accused of.

I would also add that he was not permitted to give me documents he brought to our interview. I am well aware that I am not permitted to give an inmate anything when I visit and that I must send any documents I want inmates to have through the mail. I have not, however, encountered a situation where I could not receive something from an inmate, but we were told the documents had to be mailed to me. I suggested that I could get my cell phone and take pdf's of the documents at the front desk, in plain view of all, but that request was also denied. This strikes me as simply a means of costing inmates money unnecessarily for them to have appropriate representation. I am curious if there is a regulation that actually requires this. If so, could you please tell me where I can find it?

Finally, and perhaps most importantly, Mr. Council is very concerned that if he remains at Limestone in proximity to Sgt. Pelzer, he and those he cares about remain in danger and subject to retaliation. I understand that he and Melvin Ray (AIS 163343) have been designated enemies by ADOC and, therefore, cannot be in the same prison. This is confusing to Mr. Council, who considers Mr. Ray a friend. They have worked together on behalf of inmates' rights with the Free Alabama Movement. He has never signed anything designating Mr. Ray an enemy and, so far as he knows,

*Mr. Gary Williford*
*November 8, 2019*
*Page -3-*

Mr. Ray has never designated him an enemy. If ADOC wants to keep them separate for fear of their activity on behalf of inmates' rights, that may be its prerogative, but it should be honest about it.

In any event, Mr. Ray is from north Alabama and Mr. Council from Mobile. If they cannot be held in the same location, it would be prudent and, dare I say it, humane to move Mr. Ray to Limestone, close to his home and Mr. Council further south and closer to his. Of course, he could also be moved to another prison further south and away from Sgt. Pelzer.

Yours truly,

David Gespass

DG/da

pc: Mr. Robert Council