# EXHIBIT 7

From: Robert Earl Council
181418 C-40
Limestone C.F.

Date: February 21, 2022

To: ADOC Administration Office
Limestone Administration

Re: Notice of Intent to Sue on Grounds of Harassment, Intimidation, Abuse of Process and Retaliation for Constitutionally Protected Activity

## COMPLAINT PURSUANT TO ADMIN REGULATION # 208

Dear Sir/Madam:

On Jan 7, 2022 I, Robert Earl Council, was released to Limestone population. Immediately upon entering Dormitory B, several elderly men informed me that they were not receiving any medical treatment for various severe medical conditions. They further, asked if there was anything I could do to help.

On Jan 28, 2022 I was placed in segregation without a detention notification as required by ADOC Administrative regulation nor was I given a reason for being placed in segregation.

On Jan 31, 2022, Mrs. Earnestine Council called Limestone Correctional Facility to inquire as to why her son, Robert Earl Council, had been placed in segregation on Jan 28, 2022.

Captain Shannon Caldwell stated to Mrs. Council, that he received a call from Montgomery to place Robert Earl Council in segregation for talking to the media and he had a disciplinary for cursing at another officer.

As to the first pretext, it is an inmate's 1st Amendment right to talk to the media and doing so violates no rule or regulation of the ADOC's Administrative Regulations. See attached email from ADOC Media.

Secondly, as to the alleged disciplinary regarding cursing at the officer:

On Dec 17, 2021 as I was getting off the transport bus, Lt. Sean Bright immediately began taunting me. This led to a verbal exchange between Bright and me. Ten days later, on Dec 27, 2021, I was served a disciplinary for insubordination.

On Jan 7, 2022, Sgt. Smith, who was scheduled to be the hearing officer for the insubordination disciplinary, informed me that he received a phone call from Captain Shannon Caldwell instructing him to release me to population.

While in population, on Jan. 14, 2022, Officer Kenneth Noe served me the exact same disciplinary for insubordination, stating that it had been reinitiated.

On Jan 28, 2022, over my objections that the disciplinary was void and failed to comply with ADOC's Administrative Regulations, Lt. Hanser Whitfield found me guilty. Three days later, on Jan 31, 2022, without reviewing the validity of the disciplinary, Warden William Streeter approved the void disciplinary.

As to my assertion that the disciplinary was void, the following should be noted:

According to the ADOC's ADMINISTRATIVE REGULATIONS, a disciplinary hearing must be held on the charge within ten working days (Admin. Reg. #403, Section V.(A.)(7) ).

If for some reason, the hearing cannot be held within ten working days, an ADOC Form AR 403-D, Notice of Postponement of Disciplinary Hearing Process shall be served (Admin. Reg. #403 Section V.(B)(1)(a) ).

From Dec 27, 2021 to Jan 28, 2022 clearly exceeds the ten working days criterion.

Furthermore, as to the disciplinary being reinitiated on Jan 14, 2022, before a disciplinary can be reinitiated, it first has to be dismissed for failing to meet some Procedural Requirement (Admin. Reg. #403 Section V.(B)(1)(c) ).

The original disciplinary met all procedural requirements and was never dismissed. The Limestone Administration simply didn't conduct the hearing within the time allotted, then sought to start the ten working days over by re-serving the same disciplinary.

Then, on Feb 10, 2022, thirteen days after being placed in segregation, I was served a Detention Notification which informed me that my placement in segregation was per LESD INVESTIGATION.

Other than this notification being served outside the ADOC 72 hour requirement, it comes under the authority of Governor Bob Riley and ADOC Commissioner Richard Allen. The notification, also, contradicts the reason asserted by Captain Shannon Caldwell on Jan 28, 2022, when I was actually placed in segregation.

Therefore, it is clear that the Limestone Administration has once again used fraudulent means to harass, intimidate and place me in segregation.

As set out in the foregoing, all of my actions are constitutionally protected and the ADOC's stated reason for placing me in the Restricted Housing Unit, amounts to unlawful retaliation.

I serve this "Notice of Intent" upon the ADOC COMMISSIONER and the Limestone Administration, as a means to redress a grievance. I afford this administration the opportunity to

address the situation by conducting a preliminary investigation into these matters and, after completion of review:

Expunge disciplinary #LCF-21-01681-1

Release me from the Restrictive Housing Unit and place me in population

Respectfully Submitted,

Robert Earl Council