IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT EARL COUNCIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:23-cv-658-ECM |
| | ) | |
| COMMISSIONER JOHN HAMM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On November 10, 2023, Plaintiff Robert Earl Council, an inmate in the custody of the Alabama Department of Corrections ("ADOC") at Limestone Correctional Facility, filed this action against Defendants John Hamm, Wendy Williams, Edward Ellington, William Streeter, and Chadwick Crabtree (collectively, "Defendants") in their official capacities. (Doc. 1).  In his first amended complaint (the operative complaint), Council brings claims pursuant to 42 U.S.C. § 1983, asserting violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 2).

Now pending before the Court is Council's motion for a temporary restraining order and preliminary injunction (doc. 3) filed on November 13, 2023.  He seeks a temporary restraining order requiring the Defendants (1) to transfer Council to general population at a different ADOC facility as soon as possible, and (2) immediately suspend Lieutenant Jeremy Pelzer pending an internal investigation and/or referral for criminal prosecution. Council also requests, among other forms of relief, that the Court enjoin the Defendants from taking the following actions without first consulting ADOC's mental health staff,

medical staff, and a lawyer from ADOC's general counsel's office: (1) applying non-spontaneous physical force or chemical agents to Council, (2) placing Council in solitary confinement, and (3) serving Council with a disciplinary violation or subjecting Council to a disciplinary proceeding.

A temporary restraining order may issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam).

Additionally, under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (1) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (2) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required. FED. R. CIV. P. 65(b)(1).

Council has not met Rule 65(b)(1)'s requirements because he has not alleged facts sufficient to support a finding that a temporary restraining order is necessary to prevent immediate and irreparable injury before the Defendants can be heard in opposition. *See id.* Consequently, Council has failed to show that he is entitled to temporary restraining order.

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1. Council's motion (doc. 3) is DENIED to the extent that he requests a temporary restraining order;

2. Council's motion for preliminary injunction (doc. 3) is SET for an evidentiary hearing on **November 30, 2023 at 10:00 a.m. CST** in **Courtroom 2A**, Frank M. Johnson Jr. Federal Building and United States Courthouse, One Church Street, Montgomery, Alabama. The Clerk of the Court is DIRECTED to provide a court reporter for this proceeding;

3. The Defendants shall file a response to Council's motion on or before **12:00 p.m. Central Standard Time on November 28, 2023.**

The Clerk of the Court is DIRECTED to serve a copy of this Order by electronic mail on Mary Coleman Roberts, ADOC's General Counsel, and Assistant Attorney General Thomas McCarthy to the e-mail addresses provided in the motion's Certificate of Service (doc. 3-1 at 23); and by overnight mail to the physical addresses provided in the proposed summonses (doc. 7).

DONE this 13th day of November, 2023.

                                    /s/ Emily C. Marks
                                 EMILY C. MARKS
                                 CHIEF UNITED STATES DISTRICT JUDGE