IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL COUNCIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 2:23-CV-658-ECM-CWB |
| COMMISSIONER JOHN HAMM, et al. | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S PETITION
FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

Defendants John Hamm, Wendy Williams, Edward Ellington, William Streeter, and Chadwick Crabtree, by and through undersigned counsel, file their opposition to Plaintiff's petition (doc. 23) to be transported to this Court to attend and testify in-person at the hearing on November 30, 2023.

Plaintiff filed his Petition for Writ of Habeas Corpus Ad Testificandum on November 21, 2023.[1] Plaintiff has argued that he should be allowed to participate in the hearing and that his presence is "essential to demonstrate his entitlement to preliminary injunctive relief on his First Amendment claim of retaliation, as well as his Eighth Amendment failure-to-protect and solitary confinement claims." (Doc. 23 at 2). He further asserts that he is "entitled to a day in court with live testimony." *Id.* (other citation omitted). However, Plaintiff is mistaken. The courts have held

---

[1] Contrary to Plaintiff's claim, they have not shown good cause why he should be exempted from L.R. 45.1(a)(1)(A) that requires " In all civil or criminal cases, other than in forma pauperis cases, all subpoenas or writs ad testificandum requesting the attendance of witnesses that are to be served by the U. S. Marshal Service should be filed not less than fourteen (14) calendar days prior to the trial date or hearing;" Plaintiff filed his instant petition on November 21, 2023 which is 9 days prior to the hearing date. Plaintiff had ample opportunity to file said petition to either accompany his motion for preliminary injunction filed on November 13, 2023, or after this Court issued its order on the same date and set this matter for hearing. However, Plaintiff failed to do so and has provided the Court with no justification for why he failed to do so.

1

that an inmate "has no absolute right to be present at the trial of his civil action." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).

The issuance of a writ of habeas corpus *ad testificandum* "is a matter committed to the sound discretion of the district court." *Id.*; *see also Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977). A court has "broad—but not unlimited—discretion in deciding whether to issue a writ of habeas corpus to permit an inmate to attend his own civil trial." *Lindberg v. Cohen*, 2021 WL 2516117, *5 (M.D. Ala. June 19, 2021) (citing *Hawkins v. Maynard*, 89 F.3d 850 (10th Cir. 1996)). Before issuing a writ of habeas corpus for an inmate to attend his civil trial, the court must weigh four factors: "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Lindberg*, 2021 WL 2516117 at *5 (citing *Poole*, 819 F.2d at 1028 and quoting *Ballard*, 557 F.2d at 480).

In this present case, Plaintiff's physical presence will not substantially further the resolution of his case. Plaintiff has a history of inciting disturbances within the Alabama Department of Corrections (ADOC). It is more likely than not that he will do the same at his hearing. Plaintiff has already provided his testimony by way of his verified First Amended Complaint and his signed declarations attached to his complaint. (Docs. 1-1, 1-2, & 2). It is hard to believe that Plaintiff could add anything else or change his written testimony. A review of whether there may be potential security risks associated with Plaintiff's presence in the courtroom is of greater concern. Plaintiff was sentenced to life without the possibility of parole for murder. Ex. 1. There is a long, well-documented history of Plaintiff inciting disturbances and creating security hazards within the prisons. *Id*. He also has a history of assaulting persons within ADOC

and regularly being found in possession of contraband. *Id*. Thus, there is potential for Plaintiff to create security risks during his transport to and from court, while in court, and at any facility that houses him during these proceedings. Of course, there is an associated cost with transporting Plaintiff to court including paying officers' salaries and/or overtime as well as transportation to and from court. Should all transport agents be assigned to transport other inmates to various matters, then additional correctional officers will have to be assigned to transport duty on their off days or be pulled from their facilities to perform these duties.

Defendants do not believe that Plaintiff's participation in the upcoming hearing is necessary in light of the sworn declarations he has already submitted in this matter; however, if the Court believes Plaintiff's participation in the hearing is necessary, Defendants believe it is appropriate and sufficient for him to participate virtually, rather than requiring his in-person appearance. While Plaintiff's counsel asserts that virtual participation is insufficient because Plaintiff "will not be able to advise his counsel on what questions to ask witnesses or otherwise assist with the presentation of the facts of this case" (doc. 23 at 3), ADOC has the technology and capabilities to allow Plaintiff to attend this hearing virtually, and it seems odd that Plaintiff's presence in the courtroom would be necessary for advising counsel on how to prosecute the case, since Plaintiff is not proceeding *pro se*, and advising on matters of case management is the role *counsel* should fill, rather than Plaintiff. Participating virtually would allow Plaintiff to attend and participate in the preliminary injunction hearing in an appropriate manner, namely by giving testimony in response to questions posed by counsel. It would also minimize the security concerns and additional burdens imposed by attempting to facilitate Plaintiff's transport from Limestone Correctional Facility to the federal courthouse in Montgomery at the eleventh hour. Plaintiff would be able to attend and participate in the preliminary injunction hearing.

Defendants therefore pray that this Court would not issue a writ of habeas corpus ad testificandum for Plaintiff's in-person participation at the preliminary injunction hearing. Defendants further pray that if the Court deems Plaintiff's participation in the hearing is necessary, that Plaintiff's participation be limited to virtual appearance via videoconference.

Respectfully submitted,

/s Tara S. Hetzel
Tara S. Hetzel
  Deputy Attorney General
Cameron Elkins
  Assistant Attorney General
Hunter Sims
  Assistant Attorney General

OFFICE OF ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400

***Counsel for Defendants John Q. Hamm, Wendy Williams, Edward Ellington, William Streeter, and Chadwick Crabtree***

## CERTIFICATE OF SERVICE

I hereby certify that I have on November 27, 2023, filed the foregoing with the Clerk of the Court, using the CM/ECF filing system which will send notification of the same to the following counsel of record:

John P. Batson
LAW OFFICE JOHN P. BATSON
1104 Milledge Road
Augusta, GA 30901

Andrew Dill Menefee
MENEFEE LAW
1250 Connecticut Ave, NW
Suite 700
Washington, DC 20036

Sumayya Saleh
CIVIL RIGHTS CORPS
1601 Connecticut Avenue, NW
Suite 800
Washington, DC 20009

/s/ *Tara S. Hetzel*
Tara S. Hetzel
*Deputy Attorney General*