IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Robert Earl Council,**<br><br>          *Plaintiff*<br><br>v.<br><br>**Commissioner John Hamm, in his official capacity, for the Alabama Department of Corrections, et. al.**<br>          ***Defendants.*** | **Civil Action No. 2:23-cv-00658-ECM-CWB** |

## MOTION FOR EXPEDITED DISCOVERY

Plaintiff Robert Earl Council ("Plaintiff Council") seeks preliminary injunctive relief to protect him from retaliatory placement in solitary confinement and excessive force at the hands of correctional officers. This Court conducted a hearing on November 30, 2023, at which it heard from a number of witnesses. The witness testimony highlighted the need for two pieces of documentary evidence from Defendants—the emails Warden Streeter received regarding a social media video depicting Plaintiff Council that precipitated the October 15, 2023 encounter at Plaintiff Council's cell, and the video footage of the October 15, 2023 incident. This evidence will help the Court resolve an important factual dispute regarding Plaintiff Council's retaliatory placement in solitary confinement. For good cause shown, Plaintiff Council seeks an order compelling this discovery by December 12, 2023.

## RELEVANT FACTS

1.      At issue in Plaintiff Council's motion for preliminary injunctive relief is whether his current placement in solitary confinement is a result of retaliatory animus. Limestone officials put him in solitary confinement after a confrontation at his cell on October 15, 2023.

1

2. At the November 30, 2023 preliminary injunction hearing, this Court heard two very different versions of events from witnesses.

3. Plaintiff Council testified that on October 15, 2023, Sgt. Parker and Officer Brewer approached him at his cell in I dorm by Sgt. Parker and Officer Brewer. They ordered him to turn around so they could place him in handcuffs because they were going to take him to solitary confinement. Plaintiff Council asked "Why?" because he had done nothing wrong. Officer Parker immediately sprayed him in the face with pepper spray. The entire encounter lasted less than eight seconds.

4. Plaintiff Council testified that, after the use-of-force, Sgt. Parker showed Plaintiff Council a screenshot of a video and accused him of posting the video online. This was the reason Sgt. Parker gave for coming to take Plaintiff Council to solitary confinement.

5. In contrast, Defendants asserted that Plaintiff Council assaulted Officer Parker. Warden Streeter testified that he simply sent Sgt. Parker to do a "shake-down" of Plaintiff Council's cell to look for a contraband cell phone—not to take him to solitary confinement.[1] Warden Streeter testified that he received an email from ADOC's Law Enforcement Services Division with a recently posted social media video of Plaintiff Council. He testified that he knew that the video was from Donaldson Correctional Facility, but he believed that Plaintiff Council had recently posted it with a contraband cell phone.

6. According to Defendants, when Sgt. Parker went to Plaintiff Council's cell, Plaintiff Council refused to comply with Sergeant Parker's commands, which justified Officer Parker's use of pepper spray. Defendants also accuse Plaintiff Council of elbowing Sgt. Parker in

---

[1] Sgt. Parker's disciplinary report conflicts with this narrative. *See* Doc. 32-3.

the chest while handcuffed, which is why Plaintiff Council received a disciplinary charge for assaulting an officer.

7.      Warden Streeter testified that he found Plaintiff Council guilty of the disciplinary charge of assaulting Officer Parker. On the basis of that disciplinary finding, Warden Streeter and Limestone officers are moving forward with reclassifying Plaintiff Council and keeping him in solitary confinement for the next six to eighteen months.

## **DISCUSSION**

In ruling on Plaintiff Council's request for preliminary relief, the Court will need to make a factual determination about what happened on October 15, 2023. A simple and effective way to establish the truth of these underlying events is by ordering Defendants to produce two pieces of evidence:

- The email(s) Warden Streeter received regarding the video; and
- The security camera footage in I dorm from October 15, 2023.

The email(s) will shed light on Warden Streeter's pretextual justification for sending Sgt. Parker to place Plaintiff Council in solitary confinement by revealing what information he had about the social media post. And the video of the October 15, 2023 use of force will show that Plaintiff Council acted passively and nonviolently and that Sgt. Parker falsely accused him of assault. These requests are specifically targeted to provide the Court with direct evidence it can use to resolve the conflicting testimony presented at that hearing.

It is well settled that a plaintiff is entitled to limited expedited discovery upon a showing of good cause, including when he seeks information relevant to a preliminary injunction. *See Burns v. City of Alexander City*, 2014 WL 2440981, at *1 (M.D. Ala. 2014) ("Courts generally find good cause in cases in which there is potential spoliation of evidence, the plaintiff seeks a

preliminary injunction, or in which unique circumstances exist that require immediate, limited discovery."); *Pod-Ners v. N. Feed & Bean of Lucerne*, 204 F.R.D. 675, 676 (D. Colo. 2002) ("In addition, expedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction."); *Ellsworth Associates v. United States*, 917 F.Supp. 841, 844 (D.D.C. 1996) (explaining that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings" and that "courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action."); *Arista Records v. Does* 1-7, 2008 WL 542709, at *1 (M.D. Ga. 2008) (granting expedited discovery after showing prima facie case of meritorious claims); *see also* Fed. R. Civ. P. 26 Adv. Comm. Notes (1993 amendments) (expedited discovery is appropriate in cases "such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction").

For good cause shown, Plaintiff Council requests that the Court enter an order compelling Defendants to produce the requested discovery by December 12, 2023.

Respectfully submitted, this 6th day of December 2023.

/s/ *Andrew Menefee*
Andrew Menefee
**MENEFEE LAW**
Alabama Bar No. 1529W23S
1250 Connecticut Ave NW
Ste. 700
Washington D.C., 20036
202-381-0143
amenefee@menefee-law.com

/s/ *John P. Batson*
John P. Batson
Georgia Bar No. 042150
*Pro Hac Vice*
1104 Milledge Road
Augusta, GA 30904
706-737-4040

4

jpbatson@aol.com
FAX 706-373-6108
Cell 706-373-6108

*/s/ Sumayya Saleh*
Sumayya Saleh
Civil Rights Corps
1601 Connecticut Avenue, NW
Suite 800
Washington, DC 20009
813-351-9423
Email: sumayya@civilrightscorps.org
*Attorneys for Plaintiff*

**CERTIFICATE OF GOOD FAITH CONFERRAL**

I hereby certify that on December 5, 2023, counsel for Plaintiff Council conferred with counsel for Defendants about the relief requested in this motion. Defendants did not agree to produce the requested discovery and do not consent to the relief sought in this motion.

/s/ *Andrew Menefee*
Andrew Menefee

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2023, I filed the foregoing Motion For Expedited Discovery with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users:

Cameron Wayne Elkins
Hunter Layne Sims
Tara S. Hetzel
Alabama Attorney General's Office
501 Washington Ave
Montgomery, AL 36130
cameron.elkins@alabamaag.gov
hunter.sims@alabamaag.gov
cameron.elkins@alabamaag.gov

/s/ *Andrew Menefee*
Andrew Menefee